```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

RONALD SCARLATO, et al.,          )
                                  )
               Plaintiffs,        )
                                  )
     v.                           )    No. 09 C 1497
                                  )
VILLAGE OF BELLWOOD, ILLINOIS,    )
et al.,                           )
                                  )
               Defendants.        )
```

## MEMORANDUM ORDER

This Court's July 7 and July 9, 2009 memorandum orders directed plaintiffs' counsel to file a memorandum responding to the limitations and immunity defenses set out in five separate responsive pleadings. Because that filing was made a few days late due to computer problems, yesterday this Court granted leave for such briefly belated filing and set a next status hearing date for October 28, 2009. In the meantime, however, this Court has taken the opportunity to review plaintiffs' filing--which has taken the form of a motion to strike affirmative defenses ("ADs")--and finds it appropriate to enter this memorandum order calling for further input.

It is unfortunate that both plaintiffs' counsel and this Court are compelled to deal with so many separate responsive pleadings. Even though that might be viewed as a self-inflicted wound on plaintiffs' part for having named multiple defendants, in this Court's view it might reasonably have been expected that all of the individual defendants employed by the Village of

Bellwood ("Village") could readily have joined with the Village in a single Answer as well as ADs, so that this Court's chambers file would not resemble an advertisement for the Lawyers' Full Employment Act. Although it may perhaps be too much to expect where no fewer than five law firms are involved on the defense side, this Court urges that efforts at coordination be made so that further submissions where common issues are involved can be filed by a single defense counsel (or perhaps by two, one acting for the Village and its people and the other for the two non-Village defendants-- one corporate and one individual).

To turn to the just-filed motion to strike and its supporting memorandum, plaintiffs' counsel is right in setting the frame of reference for resolution of the issues (P. Mem. 2-3). Although some of the ADs do provide enough fleshing out to conform to the notice pleading principles that are implicit in the Federal Rules of Civil Procedure ("Rules") and that are applicable to federal plaintiffs and defendants alike, many of them do little more than to call into play--without sufficient explanation--the formulaic identification of some defenses listed in Rule 8(c).

Accordingly defense counsel are ordered to file, on or before August 20, 2009, a response or responses to the motion to strike that provides more chapter-and-verse information as to the predicate for the numerous ADs. Indeed, because such defenses as

limitations and qualified immunity can often serve to narrow the scope of litigation at the outset, they ought to be brought on by early issue-narrowing motions under Rule 16 on pain of possible forfeiture of those defenses if that is not done.

That said, it seems worthwhile for this Court to provide some preliminary views on some aspects of the ADs in the hope that those views might assist in focusing the issues. So this memorandum order will go on with a few such comments.

First, as to limitations defenses, federal law sometimes looks to the date of a defendant's adverse action as starting the limitations clock even though plaintiff does not suffer harm until a later date (see, e.g., Del. State Coll. v. Ricks, 449 U.S. 250 (1980)). But state law, which employs the "cause of action" concept rather than the federal concept of a "claim" (see NAACP v. American Family Mut. Ins. Co., 978 F.2d 287, 291-93 (7th Cir. 1992)), appears to require injury--the suffering of damages--before the cause of action accrues (see, e.g., Hermitage Corp. v. Contractors Adjustment Co., 166 Ill.2d 72, 77, 651 N.E.2d 1132, 1135 (1995) and other cases cited there and at P. Mem. 4). That as well as the more informative identification of just what matters are asserted to be outlawed by the limitations bar should be addressed by defense counsel.

That holds true as well for the limitations defense to plaintiffs' asserted federally-based claims. Again defense

counsel should focus on that subject as well as on the issues of equitable estoppel and tolling addressed at P. Mem. 10-14.

As for plaintiffs' attack on the asserted qualified immunity defenses, the extensive treatment in their supporting memorandum needs no elaboration. In those respects this Court will simply await defense counsel's response or responses.

                                      _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: July 30, 2009